No. 3580

Second Circuit

HUNTER ET AL. v. RAYVILLE STATE BANK ET AL.

(December 31, 1929. Opinion and Decree.)

Smith & McGregor, of Rayville, attorneys for plaintiffs, appellees.

Hodge & Barnett, of Rayville, attorneys for defendants, appellants.

REYNOLDS, J. Raleigh A. Hunter and Mrs. Annie Hunter Medlin, wife of Arthur Medlin, sued W. N. Traylor and Tobin R. Hodge and Rayville State Bank, seeking judgment against them in solido for $210.08, with legal interest thereon from December 15, 1911, alleging that on that date, W. N. Traylor, as sheriff of the parish of Richland, deposited $420.16 in the Rayville State Bank to his own credit as such sheriff for account of the suit of T. F. Spruell vs. The Heirs of Raleigh and Janie Hunter, No. 3716, being the proceeds of the sale of certain lands made under a judgment of the district court of Richland parish; that one-half of the amount so deposited belonged to Edward Hunter, and had since been paid to him, and that the remaining $210.08 was the property of plaintiffs and their sister, Florence Hunter, since deceased; that Florence Hunter had died unmarried, intestate, leaving neither father nor mother, and that they were her only brother and sister and her sole heirs; that at the time of the suit they were minors and represented therein by Tobin R. Hodge as curator ad hoc.

Each of the defendants filed an exception of no cause of action. The exceptions filed by Traylor and Hodge were sustained. That filed by the Rayville State Bank was overruled, and thereupon the bank answered, denying knowledge of the alleged,

deposit, and denying liability. On the issue joined between plaintiffs and the bank, judgment was rendered in favor of the plaintiffs for $173.06, with legal interest thereon from December 15, 1911, and the bank appealed.

## OPINION

### EXCEPTION OF NO CAUSE OF ACTION

The exception was founded upon the theory that there was no privity of contract between plaintiffs and the bank, and that, if the bank was liable to any one, it was to Traylor. It is not disputed that the fund was the property of plaintiffs, and, Traylor being a party defendant to the suit, and not asserting any claim to the fund on his own account or denying the plaintiffs' right thereto, we think the exception was properly overruled.

### ON THE MERITS

Traylor testified that, as sheriff of the parish of Richland, he deposited $420.16 in the Rayville State Bank on December 15, 1911, to his own credit as such sheriff for account of the suit of T. F. Spruell vs. Heirs of Raleigh and Janie Hunter, No. 3716 on the docket of the district court of Richland parish; that out of the amount he had paid the costs of the suit, amounting to $74.04, and had paid to Edward Hunter, one of the beneficiaries of the fund, his share of $173.06, and that he had never withdrawn the remaining $173.06. In corroboration of his testimony he filed in evidence a bank book or book of deposits issued to him by the bank and showing that $420.16 was deposited in the bank by him on the date named. No evidence was offered tending to show that the $173.06 was ever withdrawn from the bank

by any one. The only testimony offered on the point on behalf of the bank was that the books of the bank did not show any such deposit. The evidence shows that Florence Hunter had died before the institution of the suit; that she had never been married; that she left no will; that her father and mother died before her; and that her only heirs were the plaintiffs, her brother and sister.

There was no error in the awarding plaintiffs judgment for $173.06, but there was error in awarding them judgment for 5 per cent interest thereon from December 15, 1911; they were only entitled to legal interest on the amount of the principal sum demanded from the date of judicial demand. Plaintiffs have not cited us to any law showing them entitled to interest from a date anterior to judicial demand; and we know of none.

It was said in Crossley vs. Commissioners of Louisiana Saving Bank & Safe Deposit Co., 38 La. Ann. 85, that:

"In the absence of any written evidence, showing an agreement to pay conventional interest, the plaintiffs can recover legal interest only * * * *and this from judicial demand*." (Italics ours.)

In so far as the judgment appealed from awards plaintiffs $173.06, it is affirmed, but in so far as it awards them interest thereon from December 15, 1911, until paid, it is annulled, and it is now ordered that they have interest on the principal sum of $173.06 from judicial demand. Plaintiffs to pay the cost of this appeal. All other costs to be borne by the Rayville State Bank.